Throgs Neck Multicare, P.C., as Assignee of MARY PADEN, Appellant, 
against
Mercury Casualty Company, Respondent.



Appeal from an order of the District Court of Suffolk County, Third District (C. Stephen Hackeling, J.), dated January 20, 2015. The order, insofar as appealed from, granted the branch of defendant's motion seeking summary judgment dismissing the complaint.




ORDERED that the order, insofar as appealed from, is reversed, without costs, the branch of defendant's motion seeking summary judgment dismissing the complaint is denied, and the matter is remitted to the District Court to determine the undecided branch of defendant's motion seeking to compel plaintiff's treating provider to appear for an examination before trial. 
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground of lack of medical necessity for the services at issue and supported its motion with an affirmed report by the doctor who had performed an independent medical examination (IME) at defendant's request. In the alternative, defendant sought to compel plaintiff's treating provider to appear for an examination before trial (EBT). Plaintiff opposed the motion with an affirmation by the doctor who had provided the services at issue. In a reply affirmation, defense counsel argued that the treating doctor's affirmation was inadmissible pursuant to CPLR 2106, and therefore should not be considered, because the doctor was plaintiff's owner and, thus, a party to the action. The only evidence defendant offered in support of its argument was a computer printout from the New York State Department of State website. Plaintiff appeals from so much of an order of the District Court, dated January 20, 2015, as granted the branch of defendant's motion seeking summary judgment. The order also held that the branch of defendant's motion seeking to compel an EBT of plaintiff's treating provider had been rendered academic.
The computer printout submitted by defendant was not in admissible form (see CPLR 4518 [c]; Dyer v 930 Flushing, LLC, 118 AD3d 742 [2014]). As defendant failed to establish that the treating doctor was plaintiff's owner, defendant's argument as to CPLR 2106 lacks merit (cf. Radiology Today, P.C. v Mercury Ins. Co., 34 Misc 3d 145[A], 2012 NY Slip Op 50148[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). Defendant raises no issue with respect to the merits of plaintiff's doctor's affirmation, which meaningfully referred to and sufficiently rebutted the conclusions set forth in defendant's doctor's IME report. Thus, the conflicting medical expert opinions proffered by the parties were sufficient to demonstrate the existence of a triable issue of fact as to whether there was a lack of medical necessity for the services at issue [*2](see Zuckerman v City of New York, 49 NY2d 557 [1980]; Comprehensive MRI of NY, P.C. v New York Cent. Mut. Fire Ins. Co., 42 Misc 3d 137[A], 2014 NY Slip Op 50128[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]). Consequently, the branch of defendant's motion seeking summary judgment dismissing the complaint should have been denied. 
As the branch of defendant's motion seeking, in the alternative, to compel plaintiff's treating provider to appear for an EBT was never addressed by the District Court, we remit the matter to the District Court to determine this branch of defendant's motion.
Accordingly, the order, insofar as appealed from, is reversed, the branch of defendant's motion seeking summary judgment dismissing the complaint is denied, and the matter is remitted to the District Court to determine the undecided branch of defendant's motion seeking to compel plaintiff's treating provider to appear for an examination before trial. 
Marano, P.J., Garguilo and Brands, JJ., concur.
Decision Date: July 08, 2016